Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| JOSUÉ ORTIZ COLÓN<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400180 | *Revisión* Administrativa Procedente de la División de Remedios Administrativos del DCR<br><br><br>Sobre: Respuesta a reconsideración Núm.: ICG-189-2024 |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 28 de junio de 2024.

El Sr. Josué Ortiz Colón (en adelante, "señor Ortiz Colón" o "recurrente") nos solicita la revisión de la decisión de la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (en adelante, "DRA-DCR" o "parte recurrida") emitida el 7 de marzo de 2024, en la que en reconsideración, la Sra. Melissa Ruiz Sepúlveda (en adelante, "Coordinadora"), le informó que estaba siendo evaluado para participar del Programa de Pases.[1]

Oportunamente, la Oficina del Procurador General compareció en representación del Departamento de Corrección y Rehabilitación (en adelante, "DCR") y el recurso quedó perfeccionado.

Examinados los escritos de ambas partes, procedemos a confirmar decisión recurrida.

---

[1] Notificada al recurrente el 11 de marzo de 2024.

**-I-**

El **11 de enero de 2024** el señor Ortiz Colón presentó una solicitud de remedio administrativo. En resumen, solicitó que se iniciara el procedimiento correspondiente para poder participar del Programa de Pases sin custodia.

El **7 de febrero de 2024**, el señor Carlos Nieves Cruz (en adelante, "Evaluador") emitió su determinación y anejó la Respuesta del Área Concernida suscrita por el Técnico de Servicio Sociopenal (en adelante, "TSS") de la Institución Correccional Guerrero Aguadilla. Allí, se le indicó al recurrente que su caso se encontraba calendarizado para entrevista y orientación sobre la solicitud de investigación para pase inicial en la semana del 12 al 16 de febrero de 2024.[2]

El **21 de febrero de 2024** el señor Ortiz Colón presentó una *Solicitud de Reconsideración*. En resumen, solicitó que se iniciara el procedimiento correspondiente para participar en el Programa de Pases sin custodia.

El **7 de marzo de 2024** la Coordinadora denegó la *Solicitud de Reconsideración*. Le respondió al señor Ortiz Colón que se comunicó con el TSS que tiene asignado el caso y este le notificó que realizó las gestiones pertinentes al petitorio del recurrente. También, le informó lo siguiente: *"usted se encuentra en espera de que Programas de Desvíos de Nivel Central, conteste sobre su caso"*.[3]

Inconforme, el **21 de marzo de 2024** el señor Ortiz Colón presentó el recurso de revisión judicial que nos ocupa y señaló los siguientes errores que a continuación esbozamos:

1. Erró el DCR al no basar su determinación en evidencia sustancial y en la aplicación de las leyes y reglamentos.
2. Erró el DCR al incumplir con sus deberes y responsabilidades y con las normas establecidas en el

---

[2] Notificado al recurrente el 8 de febrero de 2024.
[3] Notificado al recurrente el 11 de marzo de 2024.

Reglamento Núm. 9949 y el Plan de Reorganización 2-2011.

3. Erró el DCR al no iniciar el proceso correspondiente para que pueda participar del Programa de Pases.

4. Erró el DCR al no atender adecuadamente la solicitud de remedio administrativo ICG-21-2024.

5. Erró el DCR al incumplir con las garantías mínimas de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38 de 2017.

En síntesis, el recurrente nos solicita ser referido al Programa de Pases sin custodia, en virtud del Reglamento Núm. 9499 del 19 de septiembre de 2023, conocido como el *Reglamento para la Concesión de Permisos a los Miembros de la Población Correccional para salir de las Instituciones Correccionales del Gobierno de Puerto Rico*.

Luego de varios trámites procesales, el **22 de mayo de 2024** el DRC presentó su alegato en oposición en escrito en cumplimiento de orden, a través de la Oficina del Procurador General.

Por lo que el **28 de mayo de 2024** emitimos una *Resolución* dando por perfeccionado el recurso de revisión judicial.

**-II-**

**-A-**

Es norma reiterada en nuestro ordenamiento que los tribunales apelativos han de conceder gran deferencia a las decisiones de los organismos administrativos, por razón de la experiencia y pericia de las agencias respecto a las facultades que se les ha delegado.[4] Nuestro Tribunal Supremo estableció que las decisiones de las agencias administrativas gozan de una **presunción de regularidad y corrección**.[5] Por esto, es necesario que quien desee impugnar dichas decisiones presente evidencia suficiente para derrotar la presunción de validez de la que gozan las mismas y no descanse en meras alegaciones.[6]

---

[4] *Batista, Nobbe v. Jta. Directores,* 185 DPR 206, 215 (2012).
[5] *González Segarra et al. v. CFSE,* 188 DPR 252, 276 (2013).
[6] *Pacheco v. Estancias,* 160 DPR 409, 431 (2003).

Conforme lo ha interpretado nuestro más Alto Foro, la revisión judicial de este tipo de decisiones se debe limitar a determinar si la actuación de la agencia fue arbitraria, ilegal, caprichosa o tan irrazonable que constituyó un abuso de discreción.[7]

**-B-**

La reincorporación de la población correccional a la sociedad es uno de los objetivos que busca cumplir el DCR, es por ello que bajo el *Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011* (en adelante, "Plan"),[8] se le asignó el deber de establecer los procesos de rehabilitación moral y social, con el fin de cumplir con dicho objetivo.[9] El Plan le confiere la facultad a la agencia para crear los programas de tratamientos y rehabilitación adecuados para la población correccional.[10] Cónsono con dicha facultad, el DCR promulgó el Reglamento Núm. 9499 del 19 de septiembre de 2023, conocido como el *Reglamento para la Concesión de Permisos a los Miembros de la Población Correccional para salir de las Instituciones Correccionales del Gobierno de Puerto Rico* (en adelante, "Reglamento Núm. 9499").

Resulta importante destacar que en el Artículo VI, inciso 1 del Reglamento Núm. 9499, se establece que los permisos no son concedidos como un derecho ni como una merced, sino como una medida de tratamiento individualizado. Asimismo, dispone que los permisos serán autorizados por el secretario del DCR y serán evaluados y recomendados por el Comité de Clasificación y Tratamiento (en adelante, "CCI") de la Institución. Además, dicho cuerpo reglamentario establece que los permisos son concedidos exclusivamente a base de los méritos de cada caso. En cada caso,

---

[7] *Mun. de San Juan v. CRIM*, 178 DPR 163, 175 (2010).

[8] Plan de Reorganización Núm. 2 del 21 de noviembre de 2011, según enmendado, conocido como *Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011*, 3 LPRA Ap. XVIII.

[9] 3 LPRA Ap. XVIII, Art.2.

[10] 3 LPRA Ap. XVIII, Art.7.

se hará una evaluación del historial delictivo del confinado, la naturaleza y circunstancias del delito por el cual cumple sentencia, el término de la sentencia, el tiempo de confinamiento, su conducta, si ha tomado terapias y tratamientos, así como la evaluación y/o tratamiento de la **Sección de Programas de Evaluación y Asesoramiento** (en adelante, "SPEA"). Conjuntamente, si la evaluación de la SPEA tiene más de tres años, el TSS debe solicitar una actualización del Informe que incluya la condición física, emocional y mental del confinado. Finalmente, la agencia considera la experiencia en permisos anteriores, la opinión de las víctimas, los testigos del delito o relacionados con el acto delictivo, la opinión de los vecinos de la comunidad a visitarse e información sobre otras situaciones que hayan impactado a la ciudadanía como resultado de la comisión del delito.

**-III-**

A tono con el tracto procesal antes reseñado, la solicitud del señor Ortiz Colón para el Programa de Pases sin custodia está en proceso de evaluación, conforme se dispone en el Reglamento Núm. 9499. Es decir, el recurrente fue entrevistado para el referido Programa, por lo que ahora debe ser evaluado por la **Sección de Programas de Evaluación y Asesoramiento (SPEA)** para que pueda emitir la correspondiente evaluación.

Por lo tanto, estimamos que la agencia no ha actuado irrazonablemente, ni ha abusado de discreción, al emitir la Respuesta en la que le ha notificado al recurrente que su caso está siendo evaluado. En ese sentido, la Resolución recurrida se encuentra sostenida por evidencia que obra en el expediente administrativo, por lo tanto, merece nuestra deferencia. En ausencia de abuso de discreción, parcialidad o prejuicio por parte del *Departamento de Corrección y Rehabilitación*, sostenemos el dictamen cuya revisión se solicita.

**-IV-**

Por los fundamentos antes expresados, se confirma la decisión recurrida.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones